**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WESTERN VALUES PROJECT<br>704C East 13th Street- Suite 568<br>Whitefish, MT 59937<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR<br>1849 C Street, NW<br>Washington, DC 20240<br><br>Defendant. | Civil Action No.____________ |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, as well as agency FOIA regulations, 43 CFR § 2 *et seq*. challenging the failure of the United States Department of the Interior ("Interior") to fulfill the requests for information made by Western Values Project.

2. This case seeks declaratory relief that defendant is in violation of the FOIA for failing to fulfill plaintiff's requests for records, and injunctive relief that defendant immediately and fully comply with plaintiff's requests under the FOIA.

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA. This Court

also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Plaintiff Western Values Project is a public interest organization that gives a voice to Western values in the national conversation about energy development and public lands conservation. Western Values Project uses the information it gathers as well as its analysis of it, to educate the public through reports, press releases or other media. Western Values Project also makes the material it gathers available on its public website.

5. Defendant Interior is an agency within the meaning of 5 U.S.C. § 552(f). Defendant Interior is the federal agency with possession and control of the records responsive to plaintiff's requests and is responsible for fulfilling the FOIA requests of plaintiff.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. § 552(a)(6)(A)(ii).

9. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

10. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

11. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

12. Interior has FOIA regulations mandating its requirements to respond to FOIA requests. 43 C.F.R. § 2 *et. seq*.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

### Request 1 – Bernhardt Communications

13. By Interior's internet FOIA platform on March 17, 2017, plaintiff submitted a FOIA request to the Office of the Secretary, Department of Interior seeking records pertaining to former employee David L. Bernhardt ("Bernhardt") from January 1, 2004 to December 31, 2009. Specifically, plaintiff sought access to and copies of all correspondence during this time period involving Bernhardt – including digital, hardcopy or other correspondence written by, sent to, or carbon copying ("CC") Bernhardt – and

any of a number of individuals[1] as a participant in or subject of the correspondence, as well as copies of all correspondence involving Bernhardt and any of a number of key words.[2] Additionally plaintiff sought a fee waiver as the request was made in the public interest. Plaintiff also asked that the request be processed in an expeditious manner pursuant to 5 U.S.C. § 552 (a)(6)(E)(1) and 43 CFR §2.20(a)(2)(iii). A copy of this request is attached as Exhibit 1.

14. As of the date of the filing of this Complaint, plaintiff has received no communications from defendant concerning this request.

**Request 2 – BSEE Records**

15. By letter dated March 10, 2017 via email, plaintiff submitted a FOIA request to defendant's Bureau of Safety and Environmental Enforcement for records pertaining to Bernhardt from January 1, 2004 to the present. Plaintiff specifically sought access to to and copies of all records, correspondence, reports, and other documents concerning Taylor Energy or the Taylor Energy Oil Discharge at MC-20 Site that involved Bernhardt during this time-period. Plaintiff stated that the records requested should include, but were not limited to E-mails or other correspondence written by, sent to, or carbon copying ("CC") Bernhardt in relation to this matter, either in his role as a Department

[1] The individuals included Rep. Thomas "Tom" Delay, Rep. Robert "Bob" Ney, Rep. Dennis "Denny" Hastert, Rep. John Doolittle, Rep. Richard Pombo, Rep. Heather Wilson, Rep. Tom Feeney, Rep. Mike Ferguson, Rep. Frank LoBiondo, Rep. Jim Saxton, Rep. William Gormley, Rep. Ed Royce, Rep. Tom Tancredo, Rep. John "Jack" Kingston, Rep. Ernest "Ernie" Istook, Jr., Senator Charles "Chuck" Grassley, Senator Conrad Burns, Senator John Cornyn, Senator Jim Talent, Roger Stillwell, Adam Kidan, David "Dave" Safavian,, Neil Volz, William Heaton, Thomas Hart, Italia Federici, Mark Zachares, Mark Zacheres, Kevin Ring, James Hirni, Michael "Mike" Scanlon, Tony Rudy, John Albaugh, Jared Carpenter, Robert Coughlin, Horace Cooper, John Steele, Lara Quattlebaum, Lee Beckman, and Jack Abramoff

[2] The keywords include Coushatta, Tigua, Choctaw, Pueblo, Chippewa, Cahuilla, Cherokee, Chitimacha, Saginaw, Meskwaki, and Hopi

employee or as a private citizen. Additionally, plaintiff sought a fee waiver as the request was made in the public interest. Plaintiff also asked that the request be processed in an expeditious manner pursuant to 5 U.S.C. § 552 (a)(6)(E)(1) and 43 CFR §2.20(a)(2)(iii). A copy of this request is attached as Exhibit 2.

16. By letter dated March 22, 2017, the defendant's Bureau of Safety and Environmental Enforcement acknowledged plaintiff's request and assigned it request number BSEE-2017-00112. The letter further informed plaintiff that due to the subject matter of the request, the request would be processed by defendant's Office of the Solicitor. A copy of this request is attached as Exhibit 3.

17. As of the date of the filing of this Complaint, plaintiff has received no further communications concerning this request.

**Request 3 – Solicitor Request**

18. By letter dated March 10, 2017 via Interior's internet platform, plaintiff submitted a FOIA request to defendant's Office of the Solicitor for records pertaining to Bernhardt from January 1, 2004 to the present. Plaintiff specifically sought access to to and copies of all records, correspondence, reports, and other documents concerning Taylor Energy or the Taylor Energy Oil Discharge at MC-20 Site that involved Bernhardt or the Solicitor's Office during this time-period. The request stated that the records requested should include, but were not limited to E-mails or other correspondence written by, sent to, or carbon copying ("CC") Bernhardt in relation to this matter, either in his role as a Department employee or as a private citizen. Additionally, plaintiff sought a fee waiver as the request was made in the public interest. Plaintiff also asked that the request

be processed in an expeditious manner pursuant to 5 U.S.C. § 552 (a)(6)(E)(1) and 43 CFR §2.20(a)(2)(iii). A copy of this request is attached as Exhibit 4.

19. By letter dated March 24, 2017, the Office of the Solicitor acknowledged plaintiff's request and assigned it request no. SOL-2017-00099. The letter informed plaintiff that it was classified in the "other use" requester fee category. Defendant did not address plaintiff's request for a fee waiver nor did it address the request for expedition. A copy of this letter is attached as Exhibit 5.

20. As of the date of this Complaint, plaintiff has received no further communications concerning this request.

**Request 4 – Office of Secretary Request**

21. By letter dated March 10, 2017 via Interior's internet platform, plaintiff submitted a FOIA request to defendant's Office of the Secretary pertaining to former DOI employee David L. Bernhardt from January 1, 2001 to December 31, 2009. The request sought all correspondence, internal hiring materials, salary and benefits information, memos authored, complaints, and any performance reviews or reprimands involving Bernhardt from January 1, 2001 through December 31, 2009. Additionally, plaintiff stated that the request should include, but was not limited to:

> a) Any documents, analyses or other materials concerning the hiring and promotion processes for Bernhardt by DOI;
>
> b) All personnel records concerning Bernhardt's employment with DOI, including performance reviews, disciplinary actions, warnings and/or reprimands, salary and benefits information, notes on hiring or promotion from within or external to DOI, and any other information regarding Bernhardt's job performance;
>
> c) Any opinions or memos authored or co-authored by Bernhardt;

d) Digital (e-mail), print or other correspondence and attachments involving Bernhardt, including instances where he is merely carbon copied (CC'd). This also includes any communications sent via messaging programs such as but not limited to Lync;

e) Complaints regarding Bernhardt received from within DOI or from members of the public; and

f) Any records associated with industry meetings Bernhardt may have attended, including meetings involving then Secretary of the Interior Gale Norton; this should include meeting minutes, travel reimbursements and any other record associated with industry meetings Bernhardt participated in.

Additionally, plaintiff sought a fee waiver as the request was made in the public interest. Plaintiff also asked that the request be processed in an expeditious manner pursuant to 5 U.S.C. § 552 (a)(6)(E)(1) and 43 CFR §2.20(a)(2)(iii). A copy of this request is attached as Exhibit 6.

22. By letter dated March 28, 2017, the Office of the Secretary of Interior responded to plaintiff's request and assigned it request no. OS-2017-00329. The letter stated that the Office of the Secretary believed that the request was also made to the Office of the Solicitor and any responsive records will be located in that office which will respond directly to plaintiff. The Office of the Secretary said that the request was completed, however no administrative appeal rights were provided. A copy of this letter is attached as Exhibit 7.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Conduct an Adequate Search)

23. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

24. Plaintiff submitted requests that reasonably described the records sought and was made in accordance with Interior's published rules.

25. In response, defendant has failed to conduct a search reasonably calculated to uncover all responsive agency records.

26. Therefore, defendant has violated the FOIA's mandate to search for responsive records. 5 U.S.C. §552(a)(3)(D).

27. Plaintiff is entitled to injunctive and declaratory relief with respect to the search for the requested records.

**CLAIM TWO**
**(Failure to Produce Records Under the FOIA)**

28. Plaintiff realleges and incorporates by reference all preceding paragraphs.

29. Plaintiff properly asked for records within defendant's control.

30. Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendant make an explicit and justified statutory exemption claim.

31. Defendant has not produced all the records responsive to plaintiff's FOIA requests.

32. Therefore, defendant has violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

**CLAIM THREE**
**(Failure to Provide Fee Waiver)**

33. Plaintiff realleges and incorporates by reference all preceding paragraphs.

34. Plaintiff properly asked for a public interest fee waiver.

35. Plaintiff is entitled by law to receive a public interest fee waiver.

36. Defendant did not provide a public interest fee waiver to defendant.

37. Therefore, defendant has violated the FOIA's mandate to grant fee waivers when the requests are made in the public interest. 5 U.S.C. §§ 552(a)(4)(A)(iii) and 43 CFR §2.45.

## CLAIM FOUR
## (Failure to Expedite Processing Under the FOIA)

38. Plaintiff realleges and incorporates by reference all preceding paragraphs.

39. Plaintiff properly asked for expedited processing of its FOIA requests.

40. Plaintiff is entitled by law to receive expedited processing of its FOIA requests.

41. Defendant did not provide expedited processing to defendant.

42. Therefore, defendant has failed to comply with the statutory expedited processing provision contained in 5 U.S.C. §§ 552(a)(6)(E) as well as agency regulations with respect to plaintiff's FOIA requests.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that defendant has violated the FOIA and agency regulations by failing to conduct an adequate search for records responsive to plaintiff's FOIA requests;

(2) Order the defendant to immediately conduct and document an adequate search for responsive records as dictated by plaintiff's requests;

(3) Declare that the defendant has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA requests;

(4) Order the defendant to release all records responsive to plaintiff's FOIA requests;

(5) Order the defendant to grant a public interest fee waiver for all records responsive to plaintiff's requests;

(6) Award plaintiff his reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(7) Grant such other and further relief as the Court may deem just and proper.

April 25, 2017

Respectfully submitted,

Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C. 20015
Phone (301) 404-0502
Fax (413) 641-2833
infoprivacylaw@yahoo.com

Attorney for Plaintiff